UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSICA OLIVER** | **CIVIL ACTION** |
| **VERSUS** | |
| **MILITARY DEPARTMENT,** | **NO. 22-356-SDD-RLB** |
| **STATE OF LOUISIANA, ET AL.** | |

**ORDER**

Before the Court is Defendant's Motion to Strike Amended Supplemental Complaint ("Motion to Strike"). (R. Doc. 20). The deadline to file an opposition has expired. LR 7(f).

Also before the Court is Plaintiff's Motion for Leave to File Amended Complaint ("Motion to Amend"). (R. Doc. 21). The motion is opposed. (R. Doc. 23).

Also before the Court is Plaintiff's Motion for Extension of Time to Respond ("Motion for Extension of Time"). (R. Doc. 22).

**I.    Background**

On or about March 11, 2022, Jessica Oliver ("Plaintiff") initiated this action in State Court alleging discrimination based on retaliation, disability, and sexual orientation in violation of Title VII[1] of the Civil Rights Act of 1964. (R. Doc. 1-2 at 1-3, "Petition"). Plaintiff named as defendants the Military Department, State of Louisiana ("Military Department"), and the Louisiana National Guard Foundation. Plaintiff asserts that she was employed by the Military Department as an Assistant Commandant of the Job Challenge Program ("JCP") located at the Gillis W. Long Center. Plaintiff claims that she was terminated because she revealed her sexual orientation to a supervisor.

---

[1] The Petition appears to mistakenly reference Title VIII of the Civil Rights Act of 1964. (R. Doc. 1-2 at 1).

On April 21, 2022, the Military Department removed this action to the U.S. District Court for the Eastern District of Louisiana, asserting federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1).[2] The Notice of Removal provides that the Military Department was served on March 30, 2022, and the Louisiana National Guard Foundation was served on March 15, 2022. (R. Doc. 1 at 1; R. Doc. 1-2 at 10-15).

On April 27, 2022, the Military Department filed an Answer (R. Doc. 4) and a Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (R. Doc. 3).

On May 26, 2022, the Military Department filed a Motion to Dismiss Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (R. Doc. 7).

The action was transferred to this district on June 1, 2022. (R. Docs. 10, 11).

On June 23, 2022, Plaintiff filed, directly into the record, an Amended Supplemental Complaint for Damages ("Amended Complaint") without obtaining leave of court. (R. Doc. 16).

On June 29, 2022, the Military Department filed its Motion to Strike, which seeks an order striking the Amended Complaint from the record because Plaintiff failed to seek leave of court or obtain the current defendants' written consent to file her Amended Complaint in violation of Rule 15(a)(2) of the Federal Rules of Civil Procedure. (R. Doc. 20).

On June 30, 2022, Plaintiff filed her Motion to Amend, which seeks leave to file an altogether different Amended Supplemental Complaint for Damages into the record with leave of court. (R. Doc. 21). In support of this motion, Plaintiff asserts that the Amended Complaint was filed into the record "as-of-right under Federal Rule of Civil Procedure 15(a)(1)(B)." (R. Doc. 12 at 1). Plaintiff now seeks entry of a new proposed amended pleading that names as additional defendants the State of Louisiana through the National Guard Youth Program, Lt. Col. Jackie

---

[2] The Louisiana National Guard Foundation consented to removal on April 18, 2022. (R. Doc. 1-1).

Manton in his official capacity as JCP Director & Current Deputy Director of Education Program ("Manton"), Jeff Landry in his official capacity as Attorney General for the State of Louisiana ("Landry"), and the State of Louisiana, Division of Administration, Office of Risk Management ("ORM").³ The Military Department opposes the motion on the basis that the proposed federal and state law claims in the proposed amended pleading are futile because, under a Rule 12(b)(6) standard, they fail to state a claim or are time barred. (R. Doc. 23).

On July 8, 2022, Plaintiff filed her Motion for Extension of Time, which seeks additional time to oppose the Motion to Strike. (R. Doc. 22).

## II.   Law and Analysis

### A.   Legal Standards

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P 15(a)(1).

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for

---

³ Plaintiff's motion asserts that she is adding Thomas Dykes as a new defendant. (R. Doc. 21 at 1). That individual does not appear in the body of the proposed pleading. Thomas Dykes is listed on the certificate of service as a representative of the Department of Louisiana Military Order of the Purpose Heart of USA, Inc., which is also not a named defendant in the body of the proposed pleading. (R. Doc. 21-1 at 7).

3

leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

### B. Defendant's Motion to Strike (R. Doc. 20) and Plaintiff's Motion for Extension of Time (R. Doc. 22)

Plaintiff did not file the Amended Complaint into the record in accordance with either Rule 15(a)(1) or Rule 15(a)(2). With respect to Rule 15(a)(1), Plaintiff did not file the Amended Complaint within 21 days of the service of the Petition or within 21 days of the filing of the Military Department's Answer or Motion to Dismiss under Rule 12(b)(6). With respect to Rule 15(a)(2), Plaintiff did not obtain leave of court or written consent of the opposing parties to file the Amended Complaint.

Based on the foregoing, the Court will order Plaintiff's Amended Complaint struck from the record. Given the improper filing of the Amended Complaint, the Court does not find good cause under Local Rule 7(f) to allow Plaintiff any additional time to oppose the instant Motion to

Strike. Plaintiff is instructed not to file any additional amended pleadings into the record without obtaining leave of court.

### C. Plaintiff's Motion to Amend (R. Doc. 21)

Having considered the record and the arguments of the parties, the Court will allow Plaintiff to amend the pleadings as sought by this motion. The Court has not issued a Scheduling Order in this action. Given the timing of the motion, there is no undue delay or dilatory motive. There is also no evidence that the amendment is sought in bad faith or that any prejudice to the existing defendants will result from allowing amendment. If anything, the absence of the Louisiana National Guard Foundation as a defendant in this amended pleading clarifies that it is no longer a defendant in this action.[4]

Given the arguments of the parties and the record, including the procedural posture of this action, the Court finds it appropriate to allow the instant amendment under Rule 15(a)(2). Whether Plaintiff has failed to state a claim or whether any of Plaintiff's claims are time-barred is best resolved in the context of the resolution of a dispositive motion by the district judge.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time (R. Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (R. Doc. 20) is **GRANTED**. The Clerk's Office shall **STRIKE** Plaintiff's Amended Complaint (R. Doc. 16) from the record.

---

[4] It appears that while the action was pending in State Court, Plaintiff filed a voluntary motion to dismiss the Louisiana National Guard Foundation from the record (R. Doc. 1-2 at 17), but the motion was not granted prior to removal. (*See* R. Doc. 10 at 1 n.1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (R. Doc. 21) is **GRANTED**, and Plaintiff's Amended Supplemental Complaint for Damages (R. Doc. 21-1) shall be entered in the record. It is Plaintiff's responsibility to ensure that the newly added defendants are served with process within the time required by Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Military Department shall take appropriate action with respect to the pending Motion to Dismiss Pursuant to Rule 12(b)(6) (R. Doc. 3) and the pending Motion to Dismiss Pursuant to Rule 12(c) (R. Doc. 7), which were directed at the original complaint, given the entry of Plaintiff's Amended Supplemental Complaint for Damages (R. Doc. 21-1) into the record.

Signed in Baton Rouge, Louisiana, on July 27, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**